Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6607 | **DATE** | October 20, 2011 |
| **CASE TITLE** | Reudin Gardet (#2009-0018465) vs. Mareesy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is granted until 11/21/11 to do the following: (1) submit an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee, and (2) show cause in writing why his complaint should not be dismissed without prejudice for failure to exhaust administrative remedies. The Clerk is directed to send plaintiff an *in forma pauperis* application and a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff, a detainee at the Cook County Jail, has brought a *pro se* lawsuit pursuant to 42 U.S.C. § 1983.

Although the Clerk has accepted this *pro se* complaint for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis*. The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A) the average monthly deposits in the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from plaintiff's trust fund account. Thereafter, correctional authorities having custody of plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

In addition, it does not appear that plaintiff could have fully exhausted his administrative remedies prior to filing suit. Plaintiff's allegation stem from an incident that occurred on September 8, 2011. Plaintiff filed suit on September 19, 2011 (based on postmark), just 11days later.

Exhaustion of administrative remedies (i.e., internal jail grievance procedures), is required by the Prison Litigation Reform Act for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether the suit involves general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his

| STATEMENT |
|---|

administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

     Here, plaintiff filed suit 11 days after the alleged incident giving rise to his complaint. Plaintiff alleges that he filed an emergency grievance with the superintendent, asking for a response within 48 hours, and that the superintendent "refused to answer the plaintiff complaint in a timely manner." However, plaintiff is required to take all steps required by the jail's grievance procedure and may not bypass all steps without giving the jail adequate time to address plaintiff's grievance. Based on this short time frame, it does not appear that plaintiff could have **fully exhausted his administrative remedies prior to filing suit** (including the appeal process). Accordingly, plaintiff must show cause in writing why his complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies.

     In summary, plaintiff is granted until November 30, 2011 to show cause in writing why his complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies **and** to submit an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.