Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6607 | **DATE** | December 13, 2011 |
| **CASE TITLE** | Reudin Gardet (2009-0018465) vs. Mareesy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [5] is denied as moot; plaintiff was granted leave to proceed *in forma pauperis* on December 5, 2011. Plaintiff's "motion to show cause the plaintiff's exhausted his state remedies under the PLRA" [6] is construed as plaintiff's written response to the Court's show cause order and is terminated as a pending motion. The Court dismisses the complaint on file without prejudice for failure to exhaust administrative remedies. Civil case terminated.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Reudin Gardet, a detainee at the Cook County Jail, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. On October 20, 2011, the Court ordered plaintiff to show cause in writing why his complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff has submitted a "motion to show cause the plaintiff's exhausted his state remedies under the PLRA" in response to the Court's order. Plaintiff's motion is construed as his written response to the Court's show cause order.

Plaintiff alleges that "on or around September 8, 2011," he was taken to segregation confinement as punishment for being a "psych patient." He further alleges that on that same day, Officer Kelly refused to give him his medications and sprayed him in the face with mace, without justification. Plaintiff fell to the ground, and an officer stomped on his arms, legs and head. Plaintiff further alleges that he sent an emergency grievance to the superintendent asking him to address the issue within 48 hours but he did not receive a timely response. Plaintiff's undated complaint was postmarked September 19, 2011. In light of the short time frame between the alleged unconstitutional conduct and plaintiff filing his complaint, the Court ordered plaintiff to show cause in writing why his complaint should not be dismissed for failure to exhaust his administrative remedies.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

Exhaustion is a precondition to filing suit. As a result, the Seventh Circuit has held that a prisoner's attempt to exhaust available administrative remedies after he has filed suit litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. Though failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the Court must dismiss the complaint without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

In his response, plaintiff states that he filed an emergency grievance within 48 hours of the alleged incident. He alleges that if a grievance is determined not to be an emergency, it is to be sent to "the program service" to be

| STATEMENT |
|---|
| addressed as a minor grievance.  Plaintiff further states that the superintendent answered the grievance on September 25, 2011, "in violation of the exhausted requirements under the Harrington decree."  On October 3, 2011, plaintiff appealed the denial of his grievance.  The appeal was denied on November 8, 2011.  The grievance form attached to plaintiff's response indicates that the correctional rehabilitation worker referred plaintiff's grievance to the division superintendent on September 14, 2011 and that plaintiff received the denial of grievance on October 3, 2011.<br>   Though it may be the case that plaintiff has *now* exhausted administrative remedies, it is clear from his response to the order to show cause that he fully exhausted those remedies only after he had already filed suit.  As the Court has indicated, the law in this Circuit requires the plaintiff to fully exhaust administrative remedies *before* filing suit; he cannot bypass the grievance process by filing suit within days of the incident (in this case, at  most, 11 days after the incident).   See *Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.<br>    For this reason, the Court dismisses plaintiff's complaint, without prejudice, because he did not exhaust his administrative remedies before he filed suit.  Once he has fully exhausting his administrative remedies (which he may now have done - the Court expresses no view about this), Plaintiff may file a new lawsuit if he wishes to pursue the matter in Court.  See *Perez*, 182 F.3d at 535. |